**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISRAEL SALOMON OSORIO VALLE, | No. 16-71662 |
| Petitioner, | Agency No. A029-163-962 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2018
Pasadena, California

Before: SCHROEDER and M. SMITH, Circuit Judges, and CHEN,** District Judge.

Israel Salomon Osorio Valle ("Osorio Valle") petitions for review of the

denial by the Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA")

(collectively, the "Agency") of his application for special rule cancellation of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

removal under section 203 of the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). *See* NACARA, Pub. L. No. 105–100, § 203, 111 Stat. 2160, 2196–2200 (1997). The Agency denied his application upon a determination that he had engaged in persecution. *See* 8 U.S.C. § 1231(b)(3)(B)(i); 8 C.F.R. § 1240.66(a). He has been ably represented through our Court's pro bono representation project.

Under 8 C.F.R. § 1240.8(d), when the "evidence indicates" that the persecutor bar "may apply," the burden shifts to the alien to establish that it does not apply. Osorio Valle contends that his mere membership in an organization that has engaged in persecution is not enough to establish that the persecutor bar may apply.

Osorio Valle was a member of three organizations that committed severe human rights abuses in El Salvador—the First Brigade, the Atlacatl Battalion, and the National Police. The evidence shows not only that Osorio Valle was a soldier in the Atlacatl Battalion from July to November 1981, but that he was with the battalion when it engaged in combat activities against guerrillas and civilians that included human rights atrocities. According to a report submitted by the government and prepared by the U.S. Citizenship and Immigration Services Resource Information Center ("CIS RIC"), "[t]he highest levels of rights violations

during the [Salvadoran] war occurred during the initial years of the 1980s." "During the war the Salvadoran military operated according to a counterinsurgency strategy of terrorizing the civilian population to keep them from supporting guerrillas. Among the army tactics were 'zone killing' and 'sweeps,' operations which caused the deaths of many civilians who, during the period 1980-1983, were dying by the thousands annually at the hands of the military." Osorio Valle's battalion "was the most notorious when it came to human rights violations," providing the "main thrust of the military's counterinsurgency efforts against the . . . guerrillas." The battalion "was responsible for . . . numerous . . . massacres in various locales during the first half of the 1980s." The CIS RIC report concludes that even "a regular soldier in the Atlacatl Battalion [such as Osorio Valle] would almost certainly . . . have [been] directly involved in rights violations during the particularly brutal years of 1981-1985."

Osorio Valle also served in El Salvador's National Police from September 1983 to May 1988 in the city of Metapan. The CIS RIC report indicates that National Police "killings between 1978 and 1983 [were] a 'strategy of mass murder' designed to terrorize the civilian population as well as opponents of the government." "[T]here is a very high probability that prior to 1984 any member of the National Police would have been involved in the committing of serious rights

abuses," according to the CIS RIC report. This high probability "applied to new recruits as well as to veterans." The government submitted a report of human rights violations from the El Rescate Database. According to the report, there were at least six specific human rights violations committed by the National Police in Metapan during the time in which Osorio Valle served. The evidence was therefore sufficient to indicate that the persecutor bar may apply and to shift the burden under 8 C.F.R. § 1240.8(d) to Osorio Valle.

Although "[m]ere acquiescence or membership in an organization is insufficient to satisfy the persecutor exception," the "standard does not require actual trigger-pulling." *Miranda Alvarado v. Gonzales*, 449 F.3d 915, 927 (9th Cir. 2006) (alteration in original) (citations and internal quotation marks omitted). In his testimony, Osorio Valle denied that while he was serving in the military and police units he participated in any persecution or witnessed anyone else doing so. The IJ found him not to be credible on the basis of inconsistency in his testimony and his testimony's implausibility. The IJ found it was implausible that in five years of being a police officer, Osorio Valle never arrested or saw other officers arrest anyone for violations of law. The reports established the pervasive nature of the persecution, and the high likelihood of his participation. Osorio Valle offered nothing beyond his implausible denials to show the bar should not apply. The

cases on which Osorio Valle relies do not involve such denials and adverse credibility determinations. *See, e.g.*, *Kumar v. Holder*, 728 F.3d 993, 997, 999 (9th Cir. 2013) (credible testimony showed petitioner may have been only passive observer); *Miranda Alvarado*, 449 F.3d at 918–20, 928–30 (mere membership in organization insufficient, but petitioner's testimony established he was present and active in interrogations and persecution, and credibility finding not at issue on appeal); *Vukmirovic v. Ashcroft*, 362 F.3d 1247, 1250–51 (9th Cir. 2004) (alien's testimony found credible that he was acting in self-defense and credibility finding not at issue on appeal).

Osorio Valle argues that the IJ may not speculate about a foreign police force's actions, *see, e.g.*, *Singh v. INS*, 292 F.3d 1017, 1020–21 (9th Cir. 2002), and that the implausibility finding is based on no more than speculation. But the record evidence in this case demonstrates that the National Police systematically arrested people and that even low-ranking officers were involved in committing serious human rights abuses. Thus, Osorio Valle's testimony is "implausible in light of the background evidence" and the record therefore "support[s] [the IJ's] adverse credibility finding." *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (emphasis and citation omitted).

**Petition DENIED**.